**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PEARL SANCHEZ,

    Plaintiff,

vs.                                                                                                                        No. CIV 10-0484 JB/WPL

THE HARTFORD INSURANCE COMPANY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

       **THIS MATTER** comes before the Court on: (i) the Letter from Donald D. Vigil to the Court (dated December 2, 2010), filed December 2, 2010 (Doc. 29); (ii) the Letter from Donald D. Vigil to the Court (dated December 14, 2010), filed December 14, 2010 (Doc. 30); and (iii) the Letter from Jack M. Englert, Jr. to the Court (dated December 14, 2010), filed December 14, 2010 (Doc. 31).  The Court held a status conference and hearing on December 14, 2010.  The primary issue is whether the Court should require the parties to include in the release language which expressly states that Plaintiff Pearl Sanchez does not release a third-party to this litigation, Crowe, Paradis & Albren, a law firm that represents claimants seeking social-security disability insurance benefits.  Because the parties do not dispute that Sanchez does not intend to release Crowe, Paradis, & Albren, and because the Court does not see any downside or prejudice to Defendant Hartford Insurance Company to having the release state this fact, the Court will order the parties to include this language into the release.

**FACTUAL BACKGROUND**

       Sanchez and Hartford Insurance Company reached settlement several weeks ago.  Following the settlement, Hartford Insurance provided Sanchez with a release.  Sanchez contends that Hartford

Insurance's release potentially releases a non-party, Crowe, Paradis, with which Sanchez has a dispute. Sanchez' Complaint against Hartford Insurance alluded to Crowe, Paradis & Albren's possibly actionable behavior, see Complaint for Breach of Contract ¶¶ 9-15, at 2-3, filed May 20, 2010 (Doc. 1-1)(alleging that Crowe, Paradis & Albren never revealed to her that it received referrals from Hartford Insurance and that it had a conflict of interest in representing her, because it "serve[ed] as a conduit for recovering . . . overpayments of [long term disability] benefits for [Hartford Insurance]"); however, Crowe, Paradis was not a party to this case. Sanchez asked Hartford Insurance to revise the release to make clear that it does not free Crowe, Paradis from liability.

The parties traded revisions to the release, yet are now at an impasse. Sanchez' counsel, Donald Vigil, and Hartford Insurance's counsel, Jack Englert, requested the Court's involvement to help the parties arrive at language acceptable to both. Mr. Vigil's Dec. 14, 2010 letter to the Court asserts that Sanchez will not release Crowe, Paradis either intentionally or unintentionally. Mr. Englert's Dec. 14, 2010 letter to the Court asserts that Crowe, Paradis is not related to Hartford Insurance in any way. In his letter, Mr. Englert states that Hartford Insurance has been unwilling to include a specific reference to Crowe, Paradis in the release because Crowe, Paradis is an independent, third party, which was not a defendant in the action, and because the release's terms would not encompass Crowe, Paradis. Furthermore, Mr. Englert states that, because any claim Sanchez brings against Crowe, Paradis would fall outside the scope of the release, the release would not prevent her from initiating legal action against Crowe, Paradis.

The Court held a status conference on December 14, 2010 at 2:30 p.m. At the status conference, both parties represented that they did not want or need to conduct a formal hearing in which they could present evidence. See Transcript of Hearing at 2:14-24 (taken December 14,

2010)(Court, Vigil, Englert)("Tr.").[1]  Mr. Vigil asserted that Sanchez wants the release to incorporate additional language to clarify that she can maintain a cause of action in the future against Crowe, Paradis.  See Tr. at 3:4-9 (Vigil).  Mr. Vigil stated that, without the additional language, it appears as though Sanchez is releasing Crow, Paradis as an affiliate of Hartford Insurance.  See Tr. at 3:18-21 (Vigil).  Mr. Englert responded that Crowe, Paradis is not Hartford Insurance's affiliate or agent; instead, it is an independent law firm.  See id. at 4:11-15 (Englert).  Mr. Englert asserted that the release adequately protects Sanchez' interests and that there is no need to put additional language into the release.  See Tr. at 4:20-23 (Englert).  Mr. Englert also stated, however, that alteration of the release to include the additional language that Mr. Vigil has proposed would not harm Hartford Insurance and that Hartford Insurance would incorporate the language into the release if the Court ordered it to do so.  See Tr.  at 5:20-6:10 (Court, Englert).

## ANALYSIS

Sanchez wants Hartford Insurance to incorporate additional language into the release, clarifying she is not releasing Crowe, Parasis, so that she can bring a cause of action against Crowe, Parasis in the future.  Hartford Insurance does not believe that it is necessary to put additional language into the release, because the release currently does not encompass Crowe, Parasis or any claim that Sanchez might have against Crowe, Parasis.  The Court will grant the parties' request for assistance in resolving this matter.

The parties appear to be in agreement about the release's intent, so far as Sanchez does not want the release to free Crowe, Parasis from liability, and Hartford Insurance agrees that the release does not free Crowe, Parasis from liability.  Furthermore, Mr. Englert represented that Mr. Vigil's

---

[1] The Court's citations to the transcript refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers

proposed additional language, which would make clear that the release does not free Crowe, Parasis & Albren from liability, would not harm Hartford Insurance. Because the parties do not dispute that Sanchez does not intend to release Crowe, Paradis, and because inclusion of the additional language will not harm Hartford Insurance, the Court will order the parties to incorporate the following proposed language into the release.

The Court orders Hartford Insurance to amend page 1 of the release to incorporate the language that is underlined and in bold.

> **RELEASOR**, on behalf of herself and her heirs, executors, administrators, agents, attorneys, representatives, successors, assigns, and any person subrogated to her rights, having any rights of representation by or through her, and/or claiming through her, hereby covenants not to sue, releases, acquits and forever discharges Hartford Life and Accident Insurance Company ("Hartford"), and the Group Short Term Disability and Long Term Disability Plan for Employees of the Bell Group ("the Plan")("the Plan")[sic], including, without limitation, all of their present, former, and future officers, directors, shareholders, employers, employees, parents, subsidiaries, affiliates, reinsurers, insurers, administrators, agents **(except as noted below)**, predecessors, successors, attorneys and assigns, including those of their affiliates **(except as noted below)** and parent companies, (the **"RELEASED PARTIES"**) of and from:
>
> > Any and all past, present or future claims, actions, causes of action, rights, damages, costs, losses, expenses, judgments, demands, obligations, interest and compensation, of every kind and nature whatsoever, known or unknown, foreseen or unforeseen, in law or in equity, including for bad faith (common law or statutory), attorney's fees and costs, including, but not limited to any and all claims arising out of, involving or relating to (1) those that may in any way relate to or are the subject of a lawsuit brought by **RELEASOR** in *Sanchez v. Hartford Life and Acc. Ins. Co.*, No. 10-cv-484-JB-ACT ("the Lawsuit"), (2) **RELEASOR's** claim for past, present and future benefits under a policy of insurance issued by Hartford -- Group Policy No. GLT-693594 ("the Policy"), (3) the Plain; and (4) the Policy.
>
> > **However, this release does not release or satisfy any claims which RELEASOR may have against her former attorneys, Crowe, Paradis, and Albren, its attorneys, advocates, agents, employees and officers and any subsidiary or parent company of**

> **Crowe, Paradis and Albren and their attorneys, advocates, agents, employees, successors and officers (all together referred to as "Crowe and Paradis").**
>
> Moreover, RELEASOR'S right to any past, present, and/or future long-term disability benefits under the Plan is hereby forever extinguished, **except to the extent that this release will not release Crowe, Paradis and Albren.**

The Court orders Hartford Insurance to amend page 3 of the release to incorporate the language that is underlined and in bold.

> **RELEASOR** and her counsel agree that this settlement, except for the fact of settlement and any matter of public record in the file of the Court, shall be kept strictly confidential, including without limitation, the amount of payment described above, and the negotiations leading up to and resulting in this Release. **The confidential and non-disparagement agreement shall not apply to any information presented in a claim against Crowe, Paradis and Albren. Nothing in this section or in this release shall prevent the Releasor from presenting information in any claim against Crowe, Paradis and Albren.** **RELEASOR** further agrees not to disparage any of the **RELEASED PARTIES**. Any breach of this confidentiality clause including any disclosure (whether oral, written, or electronic, including, but not limited to, any electronic mail, internet posting, or social networking site) of anything related to this settlement except for the fact of settlement and any matter of public record in the file of the Court, is a material breach of this Release, for which **RELEASED PARTIES** may immediately seek legal, equitable, injunctive, monetary or other appropriate relief without the pose of a bond or any guarantee. Such relief shall include, but is not limited to, recovery of all amounts paid under this Release, all damages resulting from such breach, and all attorney's fees and costs incurred in pursuing any claim for such breach. This Release may be used as evidence in any subsequent proceeding alleging a breach of this Release.

**IT IS ORDERED** that: (i) the parties' request for the Court's assistance in resolving the matter is granted; and (ii) the parties incorporate additional language into the release, as set forth in this Memorandum Opinion and Order.

                                            _____
                                            UNITED STATES DISTRICT JUDGE

*Counsel:*

Donald D. Vigil
Law Offices of Donald D. Vigil, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Kristina Martinez
Holland & Hart LLP
Santa Fe, New Mexico

-- and --

Jack M. Englert , Jr.
Holland & Hart LLP
Greenwood Village, Colorado

      *Attorneys for the Defendant*